IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOLOMAN JOHNSON, | ) | |
| | ) | Civil Action No. 11 - 1376 |
| Plaintiff, | ) | |
| | ) | District Judge Joy Flowers Conti |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| BRIAN V. COLEMAN, DR. HERBICK, and ROBERT TRETINIK, | ) | ECF Nos. 16, 18, 23 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This suit commenced with this court's receipt of the Motion to Proceed *In Forma Pauperis* filed by plaintiff Solomon Johnson ("Johnson" or "Plaintiff") on October 28, 2011. (ECF No. 1.) Plaintiff's motion was denied and the case was closed on November 4, 2011, with instructions that Plaintiff may reopen the case by paying the filing fee or submitting another motion to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff filed another Motion to Proceed *In Forma Pauperis* on December 27, 2011 and the case was reopened upon the court granting the motion on December 30, 2011. (ECF Nos. 3, 4.) Plaintiff's complaint was filed on December 30, 2011, and this case was referred to United States Chief Magistrate Judge Lisa Pupo Lenihan for all pretrial proceedings on January 10, 2012. (ECF No. 5.)

Defendant Dr. Herbick ("Herbick") filed a motion to dismiss and supporting brief on March 28, 2012. (ECF Nos. 16, 17.) Defendants Brian V. Coleman ("Coleman") and Robert Tretinik ("Tretinik" and together with Herbick and Coleman, "Defendants") filed a motion to dismiss and supporting brief on April 2, 2012. (ECF Nos. 18, 19.) Johnson filed a brief in opposition to each of Defendants' motions on April 13, 2012. (ECF No. 20.) On July 21, 2012,

the magistrate judge entered a Report and Recommendation (the "Report") recommending that Defendants' motions be granted and this case be dismissed with prejudice because granting Plaintiff leave to amend his complaint would be futile. (ECF No. 23.) Objections to the Report were due by July 9, 2012. (ECF No. 23.) Johnson filed objections dated July 6, 2012. (ECF No. 24.) His objections are addressed below.

First, Johnson objects to the magistrate judge's recommendation that the applicable two-year statute of limitations bars his claims against Herbick. (ECF No. 24 at 1.) Johnson contends that his entry of Exhibit C includes reference to a prescription by Herbick dated June 13, 2009, and thus constitutes involvement that makes his complaint timely filed. (ECF No. 24 at 1.) A prescription for medication constitutes medical treatment. Johnson's objection in relation to the continuing violations doctrine relies on assertions that reoccurring incidents "constitutes [the] same type of discrimination" and "trigger[ed] Plaintiff's awareness," thus affirming that Johnson was aware of his duty to assert his rights and that the continuing violations doctrine does not apply. (ECF No. 24 at 2.) The court need not resolve this objection because even if Johnson is correct that the statute of limitations would not bar his claims, the claims against Herbick would still need to be dismissed on the other grounds discussed in the Report.

Second, Johnson objects to the magistrate judge's recommendation that Johnson's claims against Herbick should be dismissed because his complaint fails to establish a culpable state of mind. (ECF No. 24 at 7.) Johnson's objection notes repeated evaluations and treatment by Herbick and Johnson contends that "[b]ecause SCI Fayette doesn't have ultrasound equippment (sic) on location" he needs to be "outsource[d]" for treatment. (ECF No. 24 at 2.) Again, Johnson's desire to undergo ultrasound treatment as preventative care amounts to a disagreement with Herbick's prescribed treatment plan. Ordering further evaluation rather than ultrasound

2

treatment is an aspect of Herbick's treatment plan and not an indication of a culpable mental state.  Johnson does not allege any injuries as a result of his current treatment plan.  He alleges only that he "suffers from a condition painful and potentially life threatening."  (ECF No. 24 at 2.)  Johnson contends that because he was evaluated by a vascular surgeon once, Herbick's evaluations were not appropriate when Herbick did not recall the vascular surgeon for subsequent evaluations.  (ECF No. 24 at 2.) Johnson, however, admits that he was given access to the vascular surgeon at least once and that the vascular surgeon's evaluation did not result in ultrasound therapy.  (ECF No. 24 at 2.)  Because the deliberate indifference standard rises above that of negligence and "no claim is stated when a doctor disagrees with the professional judgment of another doctor," White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990), Herbick's treatment plan involving pain medication and multiple evaluations rises above the level of deliberate indifference even when it differs from the treatment plan of Johnson's private physician and does not include participation by a vascular surgeon for every evaluation.  Thus, Johnson's objection is overruled.

Third, Johnson challenges the magistrate judge's recommendation that Coleman and Tretinik's motion to dismiss be granted.  (ECF No. 24 at 2.)  Johnson contends that Coleman and Tretinik failed to act despite their knowledge of a substantial risk of harm to Johnson.  (ECF No. 24 at 3.)  In order for these Defendants to be liable for deliberate indifference to a serious medical need, Johnson must show that each Defendant "possessed actual knowledge or a reason to believe that 'prison doctors or their assistants [were] mistreating (or not treating) the prisoner.'"  Thomas v. Dragovich, 142 F.App'x 33, 39 (3d Cir. 2005) (citing Spurill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004))  Johnson, however, fails to identify any involvement by either Defendant other than their responses to Johnson's grievances.  Because the Court of Appeals for

the Third Circuit has been clear that responding to or reviewing inmate grievances does not establish personal knowledge, Johnson's objection is overruled. *See* Thomas, 142 F. App'x at 39 (3d Cir. 2005); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the objections thereto, the following order is entered.

**AND NOW**, this 24th day of August, 2012,

**IT IS HEREBY ORDERED** that the motions to dismiss filed by defendant Dr. Herbick (ECF No. 16) and defendants Brian Coleman and Robert Tretinik (ECF No. 18) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Lenihan dated June 21, 2012 (ECF No. 23), as it is modified and supplemented by this Memorandum Order, is adopted as the opinion of this court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

/s/ Joy Flowers Conti\_\_\_\_
Joy Flowers Conti
United States District Judge

cc: Solomon Johnson
    GX-7163
    SCI Greensburg
    165 SCI Lane
    Greensburg, PA 15601

    Counsel of record.